

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 6, 1959

Mr. W. T. Oliver                                     WW- 586
Game & Fish Committee
House of Representatives              Re:  Constitutionality of House Bill
Austin, Texas                                      236, 56th Leg., relating to the
                                                            duties and authority of the Game
                                                            and Fish Commission

Dear Mr. Oliver:

You have requested a determination on the constitutionality of
House Bill 236, 56th Legislature, by Representative Criss Cole.

House Bill 236 is a bill to make it unlawful to hunt, trap or
fish in this State except in accordance with regulations of the Game and
Fish Commission made pursuant to this Bill, and providing penalties for
violations thereof.

Section 1 of H. B. 236 makes it unlawful to hunt, take, kill or
possess or attempt to take, kill or possess any game bird or animal or
any fur-bearing animal and fish or other marine animals in this State; and,
provides that the Game and Fish Commission shall from time to time declare
an open season. The Courts have held "that the State, for the purpose of
conserving its natural resources and preventing waste has the right to
regulate production", and may delegate the authority to enforce the laws
and make rules and regulations, Clymore Production Co. v. Thompson, 11
F.S. 791,793 (1935).

Section 13 provides for penalties for violation of provisions of
the Act. The Legislature cannot delegate to an administrative board the
power to make a law prescribing a penalty, but it is within the power of
the Legislature to authorize that a board or commission "prescribe duties
or ascertain conditions upon which an existing law may operate in impos-
ing a penalty and in effectuating the purpose designated in enacting the
law". Tuttle v. Wood, 35 S.W.2d 1061,1065 (Tex.Civ.App. 1931) writ ref.
In Section 13 the offenses denounced in the Bill are made a misdemeanor
and punishment is set as to violations. The Bill imposes the penalty,
not the Game and Fish Commission; the Commission is merely authorized to
promulgate rules and regulations which prescribe duties and detail condi-
tions under which the complete offense as laid down by the Bill shall
operate.

The Legislature must set standards to guide the discretion of
the Commission, Moody v. City of University Park, 278 S.W.2d 912 (Tex.Civ.
App. 1955) ref. n.r.e.; Housing Authority v. Higginbotham, 143 S.W.2d

79,87, 135 Tex. 158 (1940); "such standards may be broad where conditions must be considered which cannot be conveniently investigated by the Legislature". Housing Authority v. Higginbotham, supra. Sections 2, 3, and 6 provide standards upon which the Commission is to base its proclamations, rules and regulations. Section 2 requires the Commission to make scientific research investigations and studies of specific factors and pursuant to such studies provide an open season. It requires the Commission to be specific as to quantity, sex, size, age, species and provide the method for taking or killing. Section 3 requires the Commission to revoke or amend orders so as to prevent "depletion" or "waste" of a game bird, game animal, fish, or fur-bearing animal in any part of the State. Sections 4 and 5 define "Depletion" and "Waste". Section 6 provides special standards for the taking of antlerless deer, prong-horned antelope, or wild elk. Section 7 provides for a public hearing in each county affected ten days after notice. Sections 8, 9, and 10 set up additional procedural standards to guide the action of the Commission. These sections set up adequate standards to govern the conduct of the Commission in the exercise of its powers.

Section 2 of H. B. 236 requires the Commission to conduct research investigations and enter findings of facts and to act upon such findings in order to prevent depletion or waste. The determination of facts is a proper function of an administrative Board. Tuttle v. Wood, supra, Housing Authority v. Higginbotham, supra.

House Bill 236 lays down sufficient standards upon which to base the framework for the rules and regulations of the Commission and provides limits to the power of the Commission in the promulgation of such rules and regulations.

SUMMARY

House Bill 236, 56th Legislature,
is constitutional in that the
Legislature has the right to de-
legate the duties and authority

contained therein to the Game
and Fish Commission.

Very truly yours,

WILL WILSON
Attorney General of Texas

By                                  
Cecil Cammack, Jr.
Assistant

CC:aw

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Charles D. Cabaniss
Leonard Passmore
C. Dean Davis

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert